Charles et al. *v.* Arrington et al., Appellants.

174

Argued May 8, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*W. G. Negley,* of *Negley & Negley,* for appellant.

*John F. Gloeckner,* for appellee.

OPINION BY TREXLER, P. J., July 14, 1933:

Bill in equity. In 1923 and some years before there was in Pittsburgh a lodge of colored Masons known as Star of the West Lodge, No. 62, Ancient Free and Accepted Masons, unincorporated and operating under Hiram Grand Lodge of the State of Pennsylvania. In December of that year the appellants, defendants in the court below in the present case, disassociated themselves from the jurisdiction of the Grand Lodge and secured a charter from the Grand Lodge of the State of Texas and adopted the same name and number as the lodge from which they seceded, and took with them certain of the lodge property, but failing to get possession of the bank account brought a suit in equity (not the present suit) against certain members of the original lodge asking that those who remained in the original lodge be restrained from using the name under which the lodge formerly existed and further that they be restrained from interfering with the lodge property and that the depository bank be directed to pay over all moneys to the seceding members. No defense was interposed and on September 12, 1924, a decree pro confesso was entered and the money $1,713.13 was

turned over to the plaintiffs named in the bill. No notice of this decree was given to the defendants in that case until April 21, 1925. A rule was then granted to show cause why they should not be held in contempt, and on April 25th an answer was filed alleging lack of prior notice and praying that the decree should be set aside. After a long delay, the judges of the court en banc decided that the petition, to set aside the decree, having been made within fourteen days after defendants had received notice of the decree, was in time under the then prevailing equity rules (Rule 30), and on October 2, 1930 with the consent of counsel of both parties in interest, the court dismissed the bill. Then followed the present bill in equity presented by those who had been the defendants in the first case (the position of the parties being reversed), in which they prayed that the seceding members be required to return the property of the lodge which they had taken into their possession. An answer was filed and the matter came up for hearing. The only evidence produced was the record of the former suit. The answer filed in the case disclosed that all the moneys which had been turned over were expended prior to the entry of the decree dismissing the first bill except $210. The chancellor found that the seceding lodge was what is generally denominated "clandestine," and that the members thereof, having disassociated themselves from the regularly constituted lodge, had no rights in the property or the assets of the same. There is no question about the manner in which the members withdrew from the lodge and nowhere does there appear any legal justification for the appropriation of the assets of the lodge by those who sought to substitute a new organization under the same name, but operating under entirely different state jurisdiction: Kayley v. McCourt, 235 Pa. 304. The court, in its opinion, states that at the hearing the only question

in dispute was that relating to the expenditure of the money drawn from the bank, under the decree pro confesso above referred to, and although the record does not disclose any direct avowal of that fact, it does show that the only reference made by any one at the trial was to some of the items that had been paid out.

The appeal of the appellants is founded upon the alleged fact that there was no testimony taken to support the decree, that the offer of the prior bill in the case which had been dismissed, by consent, was error, and that permitting the court to use it in reaching its conclusion was contrary to correct practice for they contend that after its dismissal, the whole proceedings went for naught.

The record of the former case was offered and received without objection. It was between the same parties and was a controversy over the identical subject involved in the present proceedings. The former pleadings, verified by the affidavit of the parties, were admissible at least as acknowledgments of the facts therein contained, and thus had probative value. In addition to this the defendants when the case was heard offered in evidence their answer to the present bill and that answer had to be considered in connection with the bill itself. Furthermore, it was the duty of the chancellor, irrespective of any offer on the part of counsel, in framing his adjudication to specifically set forth a statement of the pleadings setting forth the issues raised thereby, Rule 67. This task is imposed irrespective of any action taken by counsel of either party. The pleadings were before the court and it could find such facts as were stated by the plaintiffs and were admitted or not substantially answered by the defendants, Rule 52.

The moneys that had been turned over to the plaintiffs in the first bill, were spent. The chancellor

rightly took the view that such items as were expended during the time the original decree in favor of the seceding members was enforced could not be disturbed, but as to such that were made after the defendants had notice of the application to set aside the decree, an order of repayment should be included in the decree.

We all think the lower court correctly disposed of this somewhat troublesome matter.

All the assignments are overruled. The decree is affirmed. Appellants to pay the costs.