## Waynesburg Borough *v.* Van Scyoc, Appellant.

Argued November 11, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*R. Wallace Maxwell,* for appellant.

*William P. Thomas, Jr.,* with him *Pollock, Pollock & Thomas,* for borough, appellee.

OPINION BY MONTGOMERY, J., December 16, 1964:

The sole question in this case is whether the Greene County Farm Bureau Co-operative Association (Farm Bureau), a co-operative agricultural association, incorporated under the Act of April 30, 1929, P. L. 885, as amended, 14 P.S. §§81-82 et seq., is exempt from filing a return of all retail and wholesale sales and paying mercantile taxes thereon levied by the Borough of Waynesburg upon all mercantile establishments doing business in said borough under the ordinance enacted February 5, 1962.

The principal place of business of Farm Bureau is in Waynesburg, where it is engaged in purchasing feed, fertilizer, lime and farm equipment, which it sells, primarily, to members of the association and, to a limited extent, to the general public.

The ordinance was enacted pursuant to the Act of June 25, 1947, P. L. 1145, 53 P.S. §6851, known as the "Tax Anything Act", which provides: "The duly constituted authorities of . . . boroughs . . . may, in their discretion, by ordinance or resolution, for general revenue purposes, levy, assess and collect . . . such taxes as they shall determine to be paid . . . on persons, transactions, occupations, privileges, subjects and personal property within the limits of such political subdivisions, except that such local authorities shall not have authority by virtue of this act (1) to levy, assess and collect . . . any tax . . . on a privilege, transaction, subject, occupation or personal property which is now or does hereafter become subject to a State tax or license fee; . . .".

Farm Bureau failed to file a return for the tax periods of 1962 and 1963 required by the ordinance but did file a return for 1962 and 1963 with the Commonwealth of Pennsylvania, pursuant to the Co-operative Agricultural Association Corporate Net Income Tax Act of 1945, 72 P.S. §3420-23.

Corporations, other than co-operatives, which are required to file returns and pay taxes measured on net income for the privilege of doing business in Pennsylvania under the Act of May 16, 1935, P. L. 208, §3, as amended, 72 P.S. §3420c, have been held as not being exempt from paying a mercantile tax based on gross sales under the act aforesaid (53 P.S. §6851).[1] However, there is a noticeable difference in the two acts. The act levying the tax on general corporations provides, "The tax hereby imposed shall be *in addition* to all taxes now imposed on any corporation under the provision of existing laws." (Emphasis supplied) The act applicable to Co-operative Agricultural Associations reads, ". . . which tax shall be collected in lieu of any other excise tax including corporate net income tax or property tax. The property shall be free from any county tax excepting tax on real estate."

We are constrained to follow the decisions of our Supreme Court set forth in Footnote 1 to the conclusion that the aforesaid tax on co-operative associations is also a property tax and not an excise tax as it is designated in the act and that a mercantile tax on gross sales is not a duplication of the Commonwealth tax.

However, we are still confronted with the specific exemption in the Co-operative Act, and must interpret it to determine whether it is in conflict with the Act of 1945 by virtue of which the ordinance was enacted.

Being mindful of the provisions of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 P.S. §501 et seq., particularly the provision of art. IV, §51, 46 P.S. §551, "Every law shall be construed, if

---

[1] *Federal Drug Company v. Pittsburgh*, 358 Pa. 454, 57 A. 2d 849 (1948).

*Philadelphia v. Samuels*, 338 Pa. 321, 12 A. 2d 79 (1940).

*Blauner's, Inc. v. Philadelphia*, 330 Pa. 342, 198 A. 889 (1938).

*Kelley v. Kalodner*, 320 Pa. 180, 181 A. 598 (1935).

possible, to give effect to all its provisions" and, 46 P.S. §562, "Laws in pari materia shall be construed together, if possible, as one law," we interpret the section of the Co-operative Agricultural Association Corporate Net Income Tax Act to mean that the tax of four per cent provided for therein is to be in lieu of any other excise tax, including the corporate net income tax or any other property tax that the *Commonwealth* might have levied or should levy in the future; and in addition, that the property of such corporations should be free of any county taxes except taxes on its real estate. However, this interpretation would not exclude excise taxes that might be levied by a county or taxes of any nature that might be similar by other political subdivisions. Thus, this exemption would not preclude Waynesburg Borough from levying taxes on the real estate of such corporations or other taxes for which it had legislative authority. Our decision, therefore, must be determined solely on the effect of the Act of 1947, aforesaid.

Since we have already discussed the meaning of the exclusionary features of that act and must follow the interpretation placed thereon by the Supreme Court, we conclude that the mercantile tax levied by Waynesburg Borough does not duplicate the tax levied by the Commonwealth and is, therefore, a valid tax levy.

Order affirmed.