Waynesburg Borough *v.* Van Scyoc, Appellant.

Argued May 26, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*David Putney*, with him *Putney & Killian*, for appellant.

*William P. Thomas, Jr.*, with him *Pollock, Pollock & Thomas*, for appellee.

*Richard C. Fox, James H. King*, and *McNees, Wallace & Nurick*, for amicus curiae.

OPINION BY MR. JUSTICE COHEN, September 29, 1965:

Ronald L. Van Scyoc (Van Scyoc) is the manager of the Greene County Farm Bureau Cooperative Association. As such, he was charged by the Borough of Waynesburg with violations of its municipal ordinance (enacted annually in 1960, 1961, 1962 and 1963) imposing a mercantile tax for failure to file the annual mercantile tax return required by the ordinance. He was found guilty of the charge and apparently sentenced to pay a fine of $100.[1]

Van Scyoc then filed a petition for an appeal with the Court of Quarter Sessions of Greene County. The appeal was allowed, and, following hearing, that court found Van Scyoc guilty despite his contention that the cooperative association was exempt from the local tax because of its payment of corporate net income tax to the Commonwealth.

On further appeal to the Superior Court, the contention of Van Scyoc was again rejected and the judgment of the court of quarter sessions affirmed. 204 Pa. Superior Ct. 565, 205 A. 2d 683 (1964). We allowed an appeal to this Court.

We do not pass upon the merits of this case. The decision of the Superior Court must be vacated, the judgment of the court of quarter sessions vacated and the case remanded to the latter court with instructions to dismiss Van Scyoc's appeal. It is now the settled law of this Commonwealth that an action for violation of a municipal ordinance is civil in nature and that an appeal from a determination of guilt and a judgment imposing a penalty thereunder will lie only to the court of common pleas. *Commonwealth v. Ashenfelder*, 413 Pa. 517, 198 A. 2d 514 (1964). This is a question of

---

[1] We say "apparently" because the record reflects both that sentence was deferred and that the fine was imposed. This conflict, however, is of no moment in view of our disposition of the case.

jurisdiction and quarter sessions has no jurisdiction in such a situation. Therefore, it had no jurisdiction to entertain the appeal of Van Scyoc in this case.

The order of the Superior Court and the judgment of the Court of Quarter Sessions of Greene County are vacated and the case is remanded to the Court of Quarter Sessions of Greene County with instructions to enter an order dismissing Van Scyoc's appeal to that court for want of jurisdiction.