Philadelphia, Appellant, *v.* Litvin.

Argued September 15, 1967. Before WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ. (ERVIN, P. J., absent).

*Matthew W. Bullock, Jr.,* Second Deputy City Solicitor, with him *Richard B. Pearl,* Assistant City Solicitor, and *Edward G. Bauer, Jr.,* City Solicitor, for City of Philadelphia, appellant.

*Edward Unterberger,* for appellee.

OPINION BY HOFFMAN, J., November 16, 1967:

Albert Litvin and Kelman Litvin were partners in the building contracting business. Since their business was conducted in Philadelphia, they were required to pay Mercantile License Taxes to the City.[1] The City alleges that they failed to file the necessary return or

---

[1] The Mercantile License Tax is a tax imposed by the City of Philadelphia upon the privilege of engaging in business for gain or profit. Its application in this case is not contested. The "[t]ax is measured by the amount of business transacted by the taxpayers during the entire preceding calendar year, . . ." [Phila. Code Regs. §301 (a) at M 263-2 (1965)] The tax return and payment for each year is due on or before May 15 of that same year, although the amount of the tax is based on business done in the preceding year.

pay their taxes for the years 1954 and 1955. The tax and return for 1954 were due on or before March 15, 1954. For 1955, the tax and return were due on or before May 15, 1955.

The assessment for the 1954 taxes was based upon an audit by the City of taxpayer's records made on December 23, 1954. The assessment for 1955 was based on an examination made in January, 1961.

On July 16, 1962, the City instituted suit against both appellees but only pursued the action against Albert Litvin, because he alone conducted the business after April 1, 1954. The taxpayer did not present any evidence to indicate that a return or report of any kind was filed for the years 1954 and 1955. The court below, after hearing the evidence, found for the taxpayer as to the 1954 taxes on the ground that any claim for those years was barred by the statute of limitations. The court held, however, that the taxpayer was liable to the City for 1955 taxes due in the amount of $215.44, but that no interest or penalties should be assessed thereon. This appeal followed.

The City contends that its claim for the 1954 tax was not barred by the statute of limitations. The statute of limitations on actions brought by the City to collect its taxes is contained in §19-509 of the Philadelphia Code. That Ordinance provides in part that: "Any suit to recover any tax imposed by this Title, other than real estate and personal property taxes, shall be begun within 6 years after such tax is due or within 6 years after a return or a report has been filed, whichever date is later; but this limitation shall not apply in the following cases:

"(a) where the taxpayer has failed to file the return or report required under the provisions of this Title; . . ."

As a general rule, no statute of limitations runs against the right of a sovereign to collect its taxes.

*Philadelphia v. Holmes Electric Protection Co. of Philadelphia*, 335 Pa. 273, 6 A. 2d 884 (1939). The immunity of the sovereign from subjection to statutes of limitations does not, in the absence of express provision, usually extend to municipalities, counties, or other political subdivisions. In the instant case, however, the City of Philadelphia is considered a sovereign for the purpose of collecting taxes because it is exercising a strictly governmental function. See *Philadelphia v. Holmes Electric Protection Co. of Philadelphia*, supra.

Here we find that the City Council has passed a statute of limitations which has been quoted hereinabove. Since the statute is one of legislative grace, it must be liberally construed in favor of the taxing power to collect the tax, but at the same time must not be construed in such a manner as to defeat its manifest object.

The primary consideration underlying such legislation is undoubtedly to expedite litigation and to preclude long delays that would be prejudicial to the person against whom the action is brought. See *Ulakovic v. Metropolitan Life Insurance Co.*, 339 Pa. 571, 16 A. 2d 41 (1940). It would be unfair to make a person defend against a tax assessment after an extended period of time since his evidence may have deteriorated or been destroyed. Records are burned, witnesses have disappeared or died and events are forgotten. Meanwhile, the taxing authority, which has control over the suit, can preserve its evidence. Even if the taxpayer knows of a contemplated action, he may not know upon what the authority will base its suit. Thus, in many cases, a taxpayer is caught unaware or discovers that he has failed to preserve the appropriate records. Consequently, the above statute of limitations was designed to deny the City any advantage resulting from its own inaction.

The City contends that although suit was not brought until more than six years after the due date of the tax, the taxpayer may only rely upon the statute of limitations once he has conformed to the proper procedures enunciated in the Ordinance. Since the exception calls for the taxpayer to file a "return or report", the City argues the statute never started to run against it because no return was filed for 1954.

The exception relied upon by the City was inserted to apprise it of taxes owed. If there were no exception, a taxpayer, who negligently failed to file a return would be encouraged to gamble that the City would not discover the fact until after the statute had tolled. For this reason, City Council has made it incumbent upon taxpayers to file a return before affirmatively invoking the defense of the statute of limitations.

In construing the Ordinance before us, however, we cannot look merely to its literal language, but must also give effect to the intention of the Council as expressed in the Act. See *Freeman v. City of Philadelphia,* 178 Pa. Superior Ct. 290, 116 A. 2d 349 (1955). The Statutory Construction Act, May 28, 1937, P. L. 1019, Art. IV, §51, 46 P.S. §551, expressly requires every law to be so construed if possible. In construing a city ordinance, the same rules are applied as those which govern the construction of statutes. *City of Philadelphia to use of Polselli v. Phillips,* 179 Pa. Superior Ct. 87, 116 A. 2d 243 (1955).

We have already noted that the primary purpose of the statute of limitations is to protect taxpayers. Another consideration, closely related to this concept is the desire to assure a taxpayer's mental tranquility. Callahan, Statutes of Limitation—Background, 16 Ohio St. L. J. 130 (1955). One should be able to conduct his personal and business affairs in a normal manner without fear of disruption.

Here, the City auditor had fully reviewed the tax-payers records. The taxpayer knew, therefore, that the City was well aware of the taxes due. In fact, the City not only knew that taxes were due, but had calculated their exact amount at the time of the audit. It was surely reasonable for the taxpayer to assume that since the audit was performed only nine months after the taxes were due, a further report or return was unnecessary. Thus, we concur in the excellent opinion of Judge EMANUEL BELOFF in the lower court that the audit made on December 23, 1954, was tantamount to the necessary return and that the statute of limitations for the taxes due in 1954 began to run as of that time. Accordingly, the City's claim for taxes due in that year is barred by the statute.

Taxpayer agrees that the same argument cannot be made for the 1955 tax, since the audit for that year was not made until 1961. He contends, however, that the imposition of the principal tax for 1955 was improper, because the City's assessment is based on mere conjecture. We do not agree.

In making assessments, tax auditors may employ various methods of valuation; moreover, there is a presumption that they have acted fairly and legally. See *Appeal of DuBois*, 293 Pa. 186, 142 A. 134 (1928). In this case, the auditor, in determining the mercantile tax due in 1955, referred to the Net Profit Tax Return filed by taxpayer for the year of 1954-1955. We find that the auditor did not abuse his discretion in basing his assessment on this return.

When the City introduced its assessment, a prima facie case as to its validity was made out. See *Traylor v. Allentown*, 378 Pa. 489, 106 A. 2d 577 (1954); *McKnight Shopping Center, Inc. v. Board of Property Assessment, Appeals and Review of Allegheny County*, 417 Pa. 234, 209 A. 2d 389 (1965). The taxpayer did not refute the amount of the assessment. Instead, he

attacked the validity of the tax by attempting to show that the auditor had no personal knowledge of the taxpayer's business status in 1955. The record is devoid of any affirmative proof by the taxpayer to show that he did not actually conduct business in 1955. Therefore it is our opinion that the City has met its burden of proof in this case and that the lower court has not abused its power in allowing the assessment of the tax. See *American Academy of Music Appeal,* 321 Pa. 433, 184 A. 657 (1936).

The City contends that the court below had no power to waive interest and penalties on the tax found to be due for 1955. No return or report was ever filed by the taxpayer with regard to the 1955 tax. For the reasons stated hereinabove, the statute of limitations did not run against this tax.

In *Graybar Electric Co., Inc. v. Pittsburgh School District,* 378 Pa. 294, 106 A. 2d 413 (1954), the Supreme Court reversed the lower court which had relieved the taxpayer of interest and penalties although finding the City's assessment of Mercantile License taxes was proper. The Court stated that: "Notwithstanding some seeming contrariety of opinion in our cases with respect to the power of a court to relieve a delinquent taxpayer from liability for statutorily prescribed interest and penalties on unpaid taxes, we think the question has been definitely settled, adversely to the present taxpayer's contention. . . . This statutory language is clear and unambiguous. It specifies that taxes not paid on the due date automatically become subject to interest and penalties regardless of the reason for the nonpayment. . . '[T]he remedy lies with the legislature or with city councils and not with the Courts.' " at 297-298.

From the *Graybar* case, it is clear that a Court may neither abate or change interest and penalties if the statutory scheme for the payment so provides. Sec-

tion 19-508 of the Philadelphia Code states that if the Mercantile License Tax is not paid when due, interest and penalties attach and ". . . *shall* be collected, together with the amount of the tax." [Emphasis added.]

No other tribunal or City Department is given jurisdiction over interest and penalties. Section 19-1706 (1) of the Philadelphia Code expressly states that: "Decisions of the Tax Review Board pertaining to compromises and waiver of interest or penalty shall be final and conclusive and shall not be subject of further review by any court." Thus, once the lower court found that the tax for 1955 was owing, the interest and penalty automatically attached and became due.

The reliance by taxpayer on *D. L. Ward v. Tax Review Board*, 422 Pa. 584, 222 A. 2d 923 (1966), is unwarranted. Although the Supreme Court in that case reversed without interest and penalties, it was merely giving effect to the order of the Tax Review Board. The Board had held that the taxes could be paid without interest or penalty if the taxpayer complied with its opinion. The Court, in reversing the lower court, reinstated that order. Thus, the Court's order in no wise overruled the line of precedent set forth hereinabove.

The order of the court below is modified to include the payment of penalties and interest on the unpaid taxes of 1955 from their due date and as so modified, is affirmed.