437 A.2d 1128

**In re INVESTIGATING GRAND JURY OF PHILADELPHIA COUNTY (Misc. No. 809–11–47, C–13).**

**Appeal of PHILADELPHIA RUST PROOF COMPANY, INC., Thomas Vezzosi, Sr., Thomas Vezzosi, Jr., and Richard Vezzosi.**

Supreme Court of Pennsylvania.

Argued Oct. 28, 1981.

Decided Dec. 14, 1981.

454

Marilyn J. Gelb, Philadelphia, for petitioner.

Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., Michele Goldfarb Lehr, Philadelphia, for respondents.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, KAUFFMAN and WILKINSON, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

This is a petition for plenary review of two separate but related orders of the Court of Common Pleas of Philadelphia entered on September 16, 1981, and October 9, 1981, in connection with the July 1, 1980 Investigating Grand Jury of Philadelphia County. This Court heard oral argument on October 28, 1981. We accept plenary jurisdiction, see 42 Pa.C.S. § 726, and remand for proceedings consistent with this opinion.

### I

Upon application of respondent District Attorney's Office of Philadelphia, the grand jury was authorized to investigate "allegations that Philadelphia Rust Proof Co., Inc., or its employees or agents, obstructed or interfered with the Philadelphia Water Department's attempts to enforce compliance with its Wastewater Control Regulations by submitting or inviting reliance upon false information about the nature and contents of the wastewater from its plant located in the City of Philadelphia, and related and cognate offenses." Petitioner Thomas Vezzosi, Sr., president of Philadelphia Rust Proof Company, as well as petitioners Thomas Vezzosi, Jr., and Richard Vezzosi, employees of the company, were subpoenaed to testify and to produce documents before the grand jury.

The challenged order of September 16, 1981, denied petitioners' consolidated motions to quash the subpoenas, as well as their motions for protective orders to bar the disclosure of grand jury evidence by respondent. In these motions peti-

tioners claimed that respondent would improperly disclose evidence to the Philadelphia Law Department, plaintiff in a civil equity action filed against petitioners to obtain relief for alleged violations of the Philadelphia Code and Philadelphia Water Department regulations. In support of the subpoenas, respondent filed an affidavit in which it revealed the existence of an order entered by the supervising judge on May 14, 1981.[1] The order authorized respondent to disclose evidence obtained by the grand jury to the Philadelphia Law Department:

"ORDER

AND NOW, to wit, this 14 day of May, 1981 an ORDER is hereby entered approving disclosure to the Philadelphia Law Department of all testimony of witnesses and physical evidence (including any scientific evidence) obtained by the Investigating Grand Jury regarding the obstruction and interference by Philadelphia Rust-Proof Co., Inc. and its employees and agents of the Philadelphia Water Department's attempts to enforce its Wastewater Control Regulations at the premises of Amber and Willard Streets in the City of Philadelphia." ·

At argument on the motions, respondent District Attorney's Office further informed petitioners that the court had also entered an earlier order authorizing disclosure of grand jury materials to members of another unit of city government, the Philadelphia Water Department. Unlike the May 14 order, this order has not been made a part of the record. Respondent asserts, however, that this order authorized disclosure to Thomas Kulesza, Chief of the Industrial Waste Unit of the Philadelphia Water Department, and Thomas

1. The affidavit, sometimes called a "Schofield" affidavit, see In re Grand Jury Proceedings (Schofield), 486 F.2d 85 (3d Cir. 1973), was filed in accordance with the Commonwealth's obligation to show, upon challenge of a grand jury subpoena, that the information sought from the subpoenaed witness is relevant to an investigation within the grand jury's jurisdiction, and that the information is not sought primarily for another purpose. Robert Hawthorne, Inc. v. County Investigating Grand Jury, 488 Pa. 373, 412 A.2d 556 (1980). Accord, In re Investigating Grand Jury of Philadelphia County: Appeal of Drapczuk, 495 Pa. 211, 433 A.2d 5 (1981).

Healey, Assistant Chief of the Industrial Waste Unit, "so that they could assist the District Attorney's Office in the evaluation of the grand jury's evidence." According to respondent, "[s]uch assistance was needed because these individuals, unlike any District Attorney employees, are experts in the highly technical subject of wastewater discharges."

On September 23, 1981, petitioners filed their petition for plenary review by this Court of the September 16 order. Respondent then requested the supervising judge to rescind his order of May 14th authorizing disclosure to the Philadelphia Law Department. The rescission was granted on September 25, 1981.[2] The parties agree, however, that the order authorizing disclosure to members of the Philadelphia Water Department remains in effect.

■ The challenged order of October 9, 1981, held petitioner Richard Vezzosi, custodian of records for Philadelphia Rust Proof Co., in civil contempt for his refusal to comply with the subpoena ordering him to submit company records to the grand jury. The execution of the October 9 order has been stayed pending this Court's determination.[3]

## II

■ Grand jury proceedings have traditionally been conducted in secrecy. This secrecy, which is indispensable to

**2.** Because disclosures may well have been made during the four months that the May 14 disclosure order was in effect, we reject respondent's argument that rescission of the order has mooted the issue of that order's validity.

**3.** The order of civil contempt, entered after the filing of petitioners' initial petition for review, was challenged by way of a supplemental petition. This Court consolidated review of the order of civil contempt with review of the challenged order of September 16, 1981.

Because petitioner Richard Vezzosi appeals from an order of civil contempt, entered upon his refusal to comply with a grand jury subpoena, this Court may properly address the issues raised in the consolidated motions to quash. This is so even though the denial of the motions to quash is a non-appealable, interlocutory order insofar as it affects the remaining petitioners, who have not had orders of civil contempt entered against them. See *In re Petition of Arlen Specter*, 455 Pa. 518, 317 A.2d 286 (1974).

the effective functioning of a grand jury's investigation, is designed

> " '(1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.' "

*United States v. Procter & Gamble Co.*, 356 U.S. 677, 681 n.6, 78 S.Ct. 983, 986 n.6, 2 L.Ed.2d 1077 (1958), quoting with approval *United States v. Rose*, 215 F.2d 617, 628–29 (3d Cir. 1954). See also *Commonwealth v. McCloskey*, 443 Pa. 117, 277 A.2d 764, cert. denied, 404 U.S. 1000, 92 S.Ct. 563, 30 L.Ed.2d 552 (1971).

42 Pa.C.S. § 4549(b) identifies the limited circumstances in which attorneys for the Commonwealth may properly disclose matters occurring before an investigating grand jury:

> "(b) Disclosure of proceedings by participants other than witnesses.—Disclosure of matters occurring before the grand jury other than its deliberations and the vote of any juror may be made to the attorneys for the Commonwealth for use in the performance of their duties. The attorneys for the Commonwealth may with the approval of the supervising judge disclose matters occurring before the investigating grand jury including transcripts of testimony to local, State, other state or Federal law enforcement or investigating agencies to assist them in investigating crimes under their investigative jurisdiction. Otherwise a juror, attorney, interpreter, stenographer, operator of a recording device, or any typist who transcribes recorded testimony may disclose matters occurring before

the grand jury only when so directed by the court.[4] All such persons shall be sworn to secrecy, and shall be in contempt of court if they reveal any information which they are sworn to keep secret."

See Pa.R.Crim.P. 263. Thus, attorneys for the Commonwealth may make use of matters occurring before an investigating grand jury in the performance of their own duties, but may disclose such matters to other "law enforcement or investigating agencies" in only one instance—"to assist them in investigating crimes under their investigative jurisdiction."

■■■ In defense of the order authorizing disclosure to the Law Department of Philadelphia, respondent argues that, because the Law Department's civil equity action against petitioners seeks as damages not only an injunction but also a fine and imprisonment upon failure to pay the fine, the Law Department's investigation in preparation for trial must constitute an inquiry into "crime." To the contrary, whether a prosecution is for the commission of a crime or for the infraction of a civil law is determined not by the potential penalties but by the offense charged. This Court has unanimously held that an action for violation of a municipal ordinance is "civil in nature." *Waynesburg Borough v. Van Scyoc*, 419 Pa. 104, 105, 213 A.2d 216, 217 (1965). Accord, *Commonwealth ex rel. Ransom Township v. Mascheska*, 429 Pa. 168, 239 A.2d 386 (1968); *Commonwealth v. Ashenfelder*, 413 Pa. 517, 198 A.2d 514 (1964). Respondent's own motion requesting authorization to disclose grand jury evidence to the Law Department states that disclosure was sought to assist "[t]he Philadelphia Law Department [in] pursuing an action in equity against [Philadelphia Rust Proof Co.] for the purpose of enforcing the Philadelphia

4. The Commonwealth correctly does not contend that this sentence, which refers to court-directed disclosure by jurors, attorneys, interpreters, etc., supports the order of the supervising judge entered on May 14, 1981. Indeed, this portion of the statute cannot reasonably be read to enlarge the scope of disclosure permitted to Commonwealth attorneys by the specific language of the preceding sentences.

Code, i.e., the Water Department Codes and Regulations." Thus this civil enforcement action may not be characterized as a prosecution of "crime."

More fundamentally, respondent's argument ignores the fact that the Law Department of Philadelphia is a civil law enforcement agency with no authority to prosecute violations of the law as "crimes." As this Court has stated,

> "district attorneys in this Commonwealth have the power—and the duty—to represent the Commonwealth's interests in the enforcement of its criminal laws.

> .    .    .    .    .

> The City Solicitor, a locally appointed official, may not be permitted to infringe upon the District Attorney's powers or functions in the prosecution of the criminal law. The District Attorney of Philadelphia County, no less than district attorneys in any other county of this Commonwealth, is the sole public official charged with the legal responsibility of conducting 'in court all criminal and other prosecutions, in the name of the Commonwealth.' Act of July 5, 1957, [P.L. 484, § 1, 16 P.S. § 1402(a) (Supp. 1969)]."

*Commonwealth ex rel. Specter v. Bauer*, 437 Pa. 37, 41, 43, 261 A.2d 573, 575–76 (1970). Accord, Philadelphia Home Rule Charter, 351 Pa.Code § 4.4–400, Note 2 ("This section [delineating the functions of the Law Department] is not intended to transfer to the Law Department the traditional prosecuting powers of the office of the District Attorney").

■ Nor can respondent prevail through its reliance upon Pa.R.Crim.P. 3. Under Rule 3, "criminal proceedings" include "all actions for the enforcement of the penal laws." Pa.R.Crim.P. 3(g). "Penal laws" are defined as "all statutes and embodiments of the common law which establish, create or define crimes or offenses including any ordinances which may provide for imprisonment upon conviction or upon failure to pay a fine or penalty." Pa.R.Crim.P. 3(*l*). How-

ever, the inclusion of "ordinances which may provide for imprisonment upon conviction or upon failure to pay a fine or penalty" within the definition of "penal laws" does not make violations of such ordinances "crimes." Rather, it merely reflects the established principle that, in a civil action whose object is to penalize a civil defendant for the commission of an offense against the law, protections available to defendants in traditional criminal prosecutions may attach. See *United States v. United States Coin & Currency,* 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971) (fifth amendment applies in forfeiture proceedings); *One 1958 Plymouth Sedan v. Pennsylvania,* 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965) (fourth amendment applies in same). See also *City of Philadelphia v. Kenny,* 28 Pa.Cmwlth. 531, 369 A.2d 1343 (1977) (citing cases).

■ Therefore, the order of May 14, 1981, approving full disclosure of grand jury testimony and physical evidence to the Philadelphia Law Department, a civil law enforcement agency which is the plaintiff in a civil action against petitioners, was entered in contravention of 42 Pa.C.S. § 4549(b). So too, an order permitting such disclosure to the Water Department of Philadelphia for use in the civil enforcement of its regulations would likewise be invalid.

### III

The record does not reveal whether respondent District Attorney's Office in fact made grand jury evidence available to the Law Department of Philadelphia during the four months that the May 14 disclosure order was in effect. Moreover, because the order authorizing disclosure to members of the Water Department has not been made a part of the record, it is impossible for this Court to evaluate respondent's contention that such disclosure was justified on the ground that "[t]he Supervising Judge authorized two specialists from the Water Department access to evidence developed by the Grand Jury, for the purpose of assisting the

Grand Jury and the District Attorney in the instant criminal investigation, and swore them to secrecy for that purpose."

Accordingly, the record is remanded for an evidentiary hearing at which respondent must reveal what, if any, grand jury evidence has been disclosed to the Law Department. Respondent will also be obliged to reveal all disclosures which have been made to any party that does not come within one of the two groups to which it may validly disclose grand jury evidence: agencies investigating crimes that are both authorized and judicially approved pursuant to 42 Pa. C.S. § 4549(b), and parties who are sworn to secrecy by the court and receive judicial approval to learn of grand jury evidence in their capacity as agents of the prosecutor for the exclusive purpose of assisting in the investigation before the grand jury.

If disclosures have been made to parties that do not come within these exceptions, the court is directed to enter an order requiring those parties to return all disseminated materials forthwith to the court, and to make no use of the disseminated grand jury evidence in any civil investigation or proceeding or for any other purpose. If disclosures have been made to members of the Water Department as "experts," respondent may permit those experts to review the grand jury evidence, but they must be sworn to secrecy and the evidence may not be released from respondent's custody. See Comment, Pa.R.Crim.P. 263.

Case remanded for proceedings consistent with this opinion.

LARSEN, J., files a dissenting opinion.

LARSEN, Justice, dissenting.

I agree that the Investigating Grand Jury Act, 42 Pa.C.S. § 4549(b), does not permit disclosure of grand jury information to the Philadelphia Water Department or the Law Department. Since the Act authorizes a limited breach of the secrecy which ordinarily (and quite properly for the

protection of the rights of the witnesses) accompanies a grand jury investigation, the disclosure provisions must be strictly construed. Thus, the orders authorizing such disclosures to agencies that were not "investigating crimes" within the meaning of section 4549(b) are improper.

However, I must dissent to the creation by the majority of a second "group to which [the Commonwealth attorneys] may validly disclose grand jury evidence. . . .", namely, "parties who are sworn to secrecy by the court and receive judicial approval to learn of grand jury evidence in their capacity as agents of the prosecutor for the exclusive purpose of assisting in the investigation before the grand jury." (at 1132). The majority then holds that if "disclosures have been made to members of the Water Department as 'experts', respondent may permit those experts to review the grand jury evidence, but they must be sworn to secrecy and the evidence may not be released from respondent's custody."

In creating this new "valid disclosure group" with virtually no analysis or authority,[1] the majority seems to have

---

1. The only authority offered for the proposition is the comment to Pa.R.Crim.Pro. 263. However, neither the rule nor the comment support the disclosure group created by the majority in derogation of the Act. The rule and comment provide in relevant part:

(c) **Other Disclosures:** Upon appropriate motion, and after a hearing into relevancy, the court may order that a transcript of testimony before an investigating grand jury, or physical evidence before the investigating grand jury, *may be released to another investigative agency*, under such other conditions as the court may impose.

Comment: It is intended that the "official duties" of the attorney for the Commonwealth may include reviewing investigating grand jury testimony with *a prospective witness in a criminal case stemming from the investigation*, where such testimony relates to the subject matter of the criminal case. It is not intended that a copy of such testimony be released to the prospective witness. (emphasis added)

It is rather clear that "may be released to another investigative agency" must be limited to those agencies contemplated by 42 Pa.C.S. § 4549(b). It is also apparent that the comment offers no support for the majority's disclosure group since there is no suggestion in the proceedings below that the "expert/agents" are "prospective witnesses in a criminal case stemming from the investigation."

drawn from the language of the last two sentences of section 4549(b). ("Otherwise a juror, attorney, interpreter, stenographer, operator of a recording device, or any typist who transcribes recorded testimony may disclose matters occurring before the grand jury only when so directed by the court. All such persons shall be sworn to secrecy, and shall be in contempt of court if they reveal any information which they are sworn to keep secret."). In so doing, the majority fails to heed its own restriction; the majority opinion noted that the above quoted portion of section 4549(b) "cannot reasonably be read to enlarge the scope of disclosure permitted to Commonwealth attorneys by the specific language of the preceding sentences." (at 1131, n. 4). Yet this is exactly what the majority does—it enlarges the "disclosure by attorneys for the Commonwealth" provision to include "agents of the prosecutor" who are not otherwise affiliated with "law enforcement or investigating agencies ... investigating crimes ...." so long as these "expert/agents" have been sworn to secrecy. There is no language in the Act which would support such a general "agent of the prosecutor" disclosure group and, given the requisite strict construction of the disclosure provisions, this Court is not at liberty to create such a group.

Accordingly, I concur with the first portion of the majority order ("if disclosures have been made to parties that do not come within these exceptions, the court is directed to enter an order requiring those parties to return all disseminated materials forthwith to the court, and to make no use of the disseminated grand jury evidence in any civil investigation or proceeding or for any other purpose") but I cannot subscribe to the second portion of the majority order ("If disclosures have been made to members of the Water Department as 'experts,' respondent may permit those experts to review the grand jury evidence, but they must be sworn to secrecy and the evidence may not be released from respondent's custody.")