608 A.2d 619

**THREE RIVERS REALTY AND DEVELOPMENT CORPORATION, Appellant,**

v.

**BOROUGH OF WEST VIEW, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Feb. 4, 1992.

Decided April 28, 1992.

500

Stella L. Smetanka, for appellant.

Fred E. Baxter, Jr., for appellee.

Before COLINS, and SMITH, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Three Rivers Realty and Development Corporation (Three Rivers) appeals from an order of the Court of Common Pleas of Allegheny County which directed it to pay a fine of $7,000 to the Borough of West View (Borough) for violations of Chapter 115 of the West View Code (Borough Code) (stormwater management ordinance 1307). We reverse and remand.

Three Rivers engaged in the development of an apartment building complex in Ross Township (Township). The property being developed was located wholly within the Township but was adjacent to a shopping center located within the Borough. On October 31, 1988, Three Rivers, prior to receiving authorization,[1] tapped into the Borough's storm and sewer systems. The Borough responded by issuing daily citations [2] for the period from October 31 through November 15 of 1988. Three Rivers appealed from the citations.

On December 20, 1988, a hearing was conducted before a district justice who found Three Rivers guilty of seven violations of the Borough Code. On January 13, 1989,

1. Three Rivers and the Borough had been involved in negotiations which would have permitted Three Rivers to tap into the Borough's storm and sewer systems; however Three Rivers never secured a permit to that effect before tapping into the systems.

2. The daily citations were in the amount of $1,026.50 ($1,000 fine plus $26.50 in court costs).

Three Rivers filed a notice of appeal from summary conviction with the Court of Common Pleas of Allegheny County. At a hearing on March 23, 1989, the trial court stated in open court as follows:

> THE COURT: Let the record show that the Court met with counsel in chambers, and it has been resolved that the dispute be submitted by briefs. And we will make a determination on the basis of the briefs filed by counsel in this case.

(R.R. 93a.)

The trial court entered an order on March 21, 1991, without the presence of Three Rivers, which sentenced Three Rivers to pay $7,000 in fines to the Borough. The trial court also stated in its order that the appeal period was to begin as of March 21, 1991.[3]

On March 28, 1991, instead of filing an immediate appeal from the sentence, Three Rivers filed written motions in arrest of judgment and for post-trial relief.[4] Three Rivers' motions alleged that: 1) it was not afforded a trial *de novo;* 2) it was denied its post-verdict rights; 3) sentencing procedures were not followed; and 4) the Borough acted in derogation of its own notification provisions. Argument on Three Rivers' motions was scheduled for May 17, 1991. Three Rivers, being concerned that the trial court would not rule on its motions before the expiration of the appeal period on April 20, 1991, filed a motion on April 4, 1991 to vacate sentence.

On April 18, 1991, the trial court, by separate orders, denied Three Rivers' motion to vacate sentence and the supplemental motion for post-trial relief.[5] On April 19, 1991, Three Rivers filed a notice of appeal with this Court

---

3. The trial court had previously imposed sentence by order dated October 12, 1989; however this order was vacated as a consequence of neither party having received notice of the same.

4. Three Rivers also filed a supplemental motion for post-trial relief on April 15, 1991 which asserted ineffectiveness of previous counsel.

5. The trial court did not dispose of the March 28, 1991 post-trial relief motion.

from the judgment of sentence imposed by the trial court's order of March 21, 1991.[6]

Three Rivers raises one issue for our review, namely whether the trial court erred by failing to conduct the proceedings in accordance with the mandates of Pennsylvania Rule of Criminal Procedure 86. Three Rivers contends that the trial court erred by depriving it of a *de novo* review. We agree.[7]

A person who violates a civil ordinance which provides for imprisonment upon conviction or failure to pay a fine or penalty is entitled to the same protections afforded in criminal proceedings. *See In re Investigating Grand Jury*, 496 Pa. 452, 437 A.2d 1128 (1981); *City of Philadelphia v. Pennrose Management Company*, 142 Pa.Commonwealth Ct. 627, 598 A.2d 105 (1991). Section 115–35 of the Borough Code governs penalties concerning violations of the stormwater management ordinance and provides that, upon conviction, a violator shall be subject to a fine of not more than $1,000 for each violation *or imprisonment* of not more than 30 days, or both. Since section 115–35 of the Borough Code provides for the possibility of imprisonment upon conviction, the Pennsylvania Rules of Criminal Procedure (Pa.R.Crim.P.) are applicable herein.

Pa.R.Crim.P. 86 provides the exclusive means of appealing from a summary conviction, including appeals from violations of municipal ordinances which provide for the possibility of imprisonment upon conviction or upon failure to pay a fine. Pa.R.Crim.P. 86(g); *see also* comment to the Rule. Subsection (f) of Pa.R.Crim.P. 86 provides:

(f) When a defendant appeals after conviction by an issuing authority in any summary proceeding, upon the

6. The trial court entered an order on May 31, 1991 denying Three Rivers' motion for arrest of judgment; however since this order was entered subsequent to Three Rivers' filing of its notice of appeal, the trial court was divested of its jurisdiction thus rendering its order of May 31, 1991 a nullity.

7. Three Rivers also alleges that the Borough failed to comply with its own notice provisions. In light of our disposition of this appeal, we need not address the merits of Three Rivers' other issue.

filing of the transcript and other papers by the issuing authority, *the case shall be heard de novo by the appropriate division of the court of common pleas as the president judge shall direct.* (Emphasis added). Pa.R.Crim.P. 86(f).

A review of the trial court's docket entries reveals that the transcripts were received on January 23, 1989 and a hearing before the trial court was scheduled for March 23, 1989. The record is devoid of any evidence that the trial court engaged in a *de novo* review of Three Rivers' appeal. To the contrary, the transcript indicates that the trial court was to decide the matter based on briefs alone.

The Borough argues that Three Rivers knowingly and intelligently waived its right to a *de novo* review by the trial court. The Borough alleges that counsel for Three Rivers suggested that there were really no factual disputes and that the trial court could decide the matter on the briefs alone. It is important to note that the briefs, submitted by counsel and relied upon by the trial court in determining Three Rivers' appeal, are not available for our review. Additionally, there is nothing in the record before us that indicates Three Rivers ever agreed to submit its appeal on briefs alone or knowingly and intelligently waived its right to a *de novo* review.

Accordingly, the trial court erred by not engaging in a *de novo* review of Three Rivers' appeal as mandated by Pa.R.Crim.P. 86(f). Since the trial court failed to comply with Pa.R.Crim.P. 86(f), its order of March 21, 1991, which imposed sentence, is vacated and this matter is remanded so that the trial court may exercise proper review consistent with the Rules of Criminal Procedure.[8]

COLINS, J., dissents.

---

**8.** The Rules of Criminal Procedure are applicable generally to summary proceedings. *See* comment to Pa.R.Crim.P. 86. In particular, Rule 1123, concerning post-verdict motions, and Rule 1405, concerning sentencing proceedings, are applicable after a finding of guilt at a *de novo* trial in a summary case. *See* Pa.R.Crim.P. 1123, 1405.

## ORDER

AND NOW, this 28th day of April, 1992, the order of the Court of Common Pleas of Allegheny County, dated March 21, 1991, is vacated, and the matter is remanded to the trial court with directions consistent with this opinion.

Jurisdiction relinquished.