**Commonwealth v. Ash**

*David C. Eaton*, for Capital Area Tax Claim Bureau for Rye Township.

QUIGLEY, *P.J.*, June 5, 1992—

## MEMORANDUM

Pursuant to Ordinance 87-06 of the Rye Township, a duty is imposed on township residents to contract for the collection of solid waste refuse unless the township provides the service. Four complaints alleging summary offenses were filed with the local district justice for violation of the Ordinance 87-06 for failure to pay refuse collection fees. The complaints were accepted by the district justice, but on the advice of counsel, were dismissed by Judge Moyer prior to the issuance of process on or about September 15, 1988.

The township sought review by certiorari of the district justice's action. Upon review by this court, the action of the district justice was sustained and the township's request for review was dismissed. Following an appeal to the Commonwealth Court, filed on July 18, 1990, the court remanded the case to the trial court with instructions to remand to the district justice who should either identify the legal deficiencies of the complaints to allow for meaningful review by the trial court or to issue process.

12

The case was remanded to the district justice by order of this court on September 12, 1990. Following this remand, the district justice continued to find the use of the criminal process under the circumstances of this case inappropriate. As indicated by the record, the district justice believes the use of penal provisions to collect on an unpaid trash collection bill is an abuse of process.

Pursuant to Pa.R.Crim.P. 66, the issuing authority shall decide whether to issue process upon the filing of a complaint. The district justice, therefore, is vested with considerable discretion to determine whether or not private criminal complaints should be permitted to be filed. The action of the district justice is only reversible if an abuse of discretion has been committed. *Mielcuszny v. Rosol,* 317 Pa. 91, 176 A.2d 236 (1934).

The complaints in this case seek to recover a collection charge of $24.50 plus the interest of $2.45 and an additional penalty of $6. These figures indicate the penalty is made up of the debt owed to the municipality and does not constitute a fine as allowed by the Ordinance. Therefore, the district justice logically concluded that these actions were not brought as summary offenses, but rather as a means of collecting a debt owed to the municipality for failure to pay for refuse collection. In consideration of the above facts, this court finds the district justice did not abuse his discretion by upholding the responsibility of an issuing authority by preventing the misuse of judicial and prosecutorial resources. *Commonwealth v. Muroski,* 352 Pa. Super. 15, 23, 506 A.2d 1312, 1317 (1986).

The law routinely frowns upon the method of using the criminal courts for the application of civil remedies. *Commonwealth v. Green,* 410 Pa. 111, 117, 189 A.2d 141 (1963). It is the type of offense charged which dictates whether a prosecution is for the commission of a crime or for the infraction of a civil law, not the potential penalties

involved. *In re Investigating Grand Jury,* 496 Pa. 452, 459, 437 A.2d 1128, 1131 (1981). The Supreme Court of Pennsylvania has unanimously held that an action for violation of a municipal ordinance is civil in nature. *Id.* The court has further held:

"The nature of the case does not change when the Ordinance provides for imprisonment upon conviction or upon failure to pay a fine or penalty. Instead it merely reflects the established principal that, in a civil action, whose objective is to penalize a civil defendant for the commission of an offense against the law, protection available to defendants in traditional criminal prosecutions may attach." *Id.* at 460-61, 437 A.2d at 1132.

Here, the district justice has recognized that the complaints do not attempt to impose a fine prescribed by the Ordinance, but instead impose a penalty which resulted from the debt due the municipality and constitutes a civil proceeding. Sufficient facts exist to enable the district justice to make an informed decision as to whether to permit the commencement of criminal proceedings. Since the dismissal was based on inappropriate filing procedures, this court does not need to address the arguments made by the district justice regarding the issuance of process in accordance with Pa.R.Crim.P. 134.

Accordingly, we will again sustain the action of the district justice to dismiss the cases above captioned.

### ORDER

And now, June 5, 1992, for the reasons set forth in the within memorandum, the action of District Justice Moyer in refusing to issue process is sustained and the complaints dismissed.