625 A.2d 748

**CITY OF HAZLETON, Appellant,**

v.

**Robert SMITH, t/a/d/b/a Smith Floral Company.**

Commonwealth Court of Pennsylvania.

Argued April 1, 1993.

Decided May 17, 1993.

George R. Hludzik, for appellant.

Thomas L. Kennedy, for appellee.

Before CRAIG, President Judge, COLINS, J., and WRIGHT, Senior Judge.

CRAIG, President Judge.

The City of Hazleton appeals an order of the Court of Common Pleas of Luzerne County that dismissed the city's complaint against Robert Smith and quashed an appeal the city filed from a district justice's determination that Smith was not guilty of violating Hazleton City Ordinance No. 84–32, relating to the installation of sidewalks. Another city ordinance, section 1–4 of the city's Code of Ordinances, which sets out the penalties for violations of the city code, provides for possible imprisonment for failure to pay a penalty imposed for violations of ordinances such as the sidewalk ordinance. The district justice's order included no written factual findings or conclusions of law.

The relevant factual and procedural history is as follows. The city issued approximately thirty-five citations to Smith for alleged violations of the sidewalk ordinance. A district justice held hearings on the citations and entered a judgment of not guilty. The city appealed that judgment and filed a civil complaint with the court of common pleas as part of the appeal proceeding. Smith filed a pleading captioned "Preliminary Objections," which included an objection entitled "Motion to Strike Pleading And Quash Appeal," requesting the trial court to strike the complaint and quash the appeal. The pleading also contains an objection entitled "Petition Raising Question of Jurisdiction."

In the objection entitled "Motion to Strike Pleading And Quash Appeal," Smith challenged the city's complaint on the ground that the city erroneously filed the complaint as a civil matter rather than a criminal matter. Smith also contended that the city's notice of appeal failed to conform to Pennsylva-

nia Rule of Criminal Procedure 86, which provides the procedure for appeals from summary criminal proceedings.

Smith's other challenge to the complaint, his "Petition Raising Question of Jurisdiction," raised a jurisdictional issue, based on Smith's assertion that the city has no right of appeal from a judgment of not guilty in a criminal summary proceeding.

The trial court sustained Smith's objection to the city's complaint and quashed the city's appeal based on its conclusion that the city failed to comply with Pa.R.Crim.P. 86, which provides the method for appealing from summary proceedings. The city argues that the trial court erred in concluding that the Rules of Criminal Procedure apply.

### 1. Application of Rules of Criminal Procedure

■ The Rules of Criminal Procedure clearly apply in this case.

Pa.R.Crim.P. 86(a) is very explicit in declaring coverage of appeals in summary proceedings involving ordinances like the one in this case. Rule 86 provides in pertinent part:

**RULE 86. APPEALS FROM SUMMARY JUDGMENTS**

**(a)** When an appeal is authorized by law in a summary proceeding, *including a prosecution for violation of a municipal ordinance which provides for imprisonment upon conviction or upon failure to pay a fine,* an appeal shall be perfected by filing a notice of appeal within thirty (30) days after the conviction or other final order from which the appeal is taken. The notice of appeal shall be filed with the officer of the court of common pleas designated to receive such papers. (Emphasis added.)

In *Philadelphia v. Pennrose Management,* 142 Pa.Commonwealth Ct. 627, 598 A.2d 105 (1991), *petition for allowance of appeal denied,* 530 Pa. 661, 609 A.2d 169 (1992), this court reviewed a Philadelphia ordinance which provided for possible imprisonment. The court noted Pa.R.Crim.P. 3, which includes the following definitions:

(h) Criminal Proceedings include all actions for the enforcement of the Penal Laws.

. . . . .

(m) Ordinance is a legislative enactment of a political subdivision.

(n) Penal Laws include all statutes and embodiments of the common law which establish, create or define crimes or offenses including any ordinances which may provide for imprisonment upon conviction or upon failure to pay a fine or penalty.

This court in *Pennrose* cited the Supreme Court's opinion in *Borough of West Chester v. Lal,* 493 Pa. 387, 426 A.2d 603 (1981) in which the Supreme Court recognized that the above-quoted definitions "remove any doubt as to the nature of the instant proceedings—they are criminal proceedings." 493 Pa. at 391, 426 A.2d at 605. Even though violations of such ordinances may not be criminal offenses as such, this court in *Pennrose* stated that "[a] review of the cases and the pertinent rules merely reveals that the procedure for the enforcement of such ordinances is to be according to provisions of the Pennsylvania Rules of Criminal Procedure." 142 Pa.Commonwealth Ct. at 633–34, 598 A.2d at 109. Also at the same point in *Pennrose,* this court quoted the Supreme Court's opinion in *In Re Investigating Grand Jury,* 496 Pa. 452, 437 A.2d 1128 (1981), in which the Supreme Court indicated that, although violations of such ordinances are not crimes, the application of the rules to such ordinances "reflects the established principle that, in a civil action whose object is to penalize a civil defendant for the commission of an offense against the law, protections available to defendants in traditional criminal prosecutions may attach." 496 Pa. at 460–61, 437 A.2d at 1132.

Thus, the trial court did not err in concluding that the Rules of Criminal Procedure, including Rule 86, apply.

### 2. Appeals From Not Guilty Verdicts in Criminal Proceedings

■ The city has no right of appeal from the district justice's verdict of not guilty. In *Commonwealth v. Wimber-*

*ly,* 488 Pa. 169, 411 A.2d 1193 (1980), *diverged from on different grounds, Commonwealth v. Smalis,* 527 Pa. 375, 592 A.2d 669 (1991), the Pennsylvania Supreme Court clearly held that no appeal lies from a judgment of acquittal in a criminal proceeding. The Supreme Court has also indicated that, "where a defendant has been found not guilty at trial, he may not be retried on the same offense 'even if the legal rulings underlying the acquittal were erroneous.'" *Commonwealth v. Tillman,* 501 Pa. 395, 398, 461 A.2d 795, 796–7 (1983), quoting *Sanabria v. United States,* 437 U.S. 54, 64, 98 S.Ct. 2170, 2179, 57 L.Ed.2d 43 (1978). Thus, even though the district justice did not indicate his factual findings or legal conclusions, the city may not appeal his decision.

### 3. The City's Enforcement of Its Ordinances

The city contends alternatively, that this court should reverse the trial court's decision as a matter of public policy because the trial court's decision will cause hardship for the city in trying to enforce its ordinance. The city contends that municipalities will not be able to enforce their ordinances because district justices may, with impunity, reach decisions for purely political reasons. However, this court cannot engage in conjecture with regard to the city's assertion that political interests sometimes form the basis for decision-making by district justices. As Smith points out, if the city seeks to maintain a right of appeal from judgments of not guilty in prosecutions for alleged violations of municipal ordinances, it may amend its ordinance by deleting the possibility of imprisonment, so that proceedings involving violations are governed by the Rules of Civil Procedure and so that an appeal is not precluded on the grounds of double jeopardy concerns.

Accordingly, the trial court was correct in sustaining Smith's preliminary objection. The trial court's order is affirmed.

### ORDER

NOW, May 17, 1993, the order of the Court of Common Pleas of Luzerne County, dated May 27, 1992, at No. 1445–C

556

of 1992, sustaining the preliminary objection of Robert Smith and striking the appeal of the City of Hazleton, is affirmed.