**[J-40-2018] [MO: Saylor, C.J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| IN RE: FORTIETH STATEWIDE INVESTIGATING GRAND JURY | : | No. 45 WM 2017 |
| | : | |
| | : | Appeal from the Order of the |
| | : | Supervising Judge of the Fortieth |
| PETITION OF: DIOCESE OF HARRISBURG AND DIOCESE OF GREENSBURG | : | Statewide Investigating Grand Jury |
| | : | entered on 6/15/17 at Allegheny |
| | : | County No. CP-02-MD-0000571-2016 |
| | : | |
| | : | ARGUED: May 15, 2018 |

**CONCURRING AND DISSENTING OPINION**

**JUSTICE DONOHUE**                                      **DECIDED: AUGUST 21, 2018**

I join the Majority Opinion because I agree that the General Assembly intended to limit the ability of attorneys participating in grand jury proceedings, including those representing witnesses, to disclose "matters occurring before the grand jury," subject to certain exceptions. *See* 42 Pa.C.S. § 4549(b). Moreover, the nondisclosure requirements in the entry-of-appearance form created by the Office of Attorney General ("OAG") were overbroad and, if such a form is to be used in future grand jury proceedings, it must be tailored to conform to section 4549(b). *See* Majority Op. at 16-18. Finally, I agree that attorneys representing grand jury witnesses may enter common interest/joint defense agreements. *See id.* at 19.

I write separately to distance myself from the Majority's sweeping invocation of this Court's "supervisory authority" to redraft the form and to justify what is, in many respects, an advisory opinion on grand jury practice generally.

The facts of this case are scant. The Dioceses of Harrisburg and Greensburg (the "Dioceses") were represented by counsel in connection with the Fortieth Statewide Grand Jury Investigation. Pursuant to this investigation, the grand jury subpoenaed the Dioceses for documents. At some point following their production of documents, counsel for the Dioceses requested a copy of the OAG's notice of submission.[1] The Supervising Judge informed counsel he would need to sign an entry-of-appearance form prior to production of the notice of submission. Counsel refused to sign the form, objecting to the broad nondisclosure requirement contained therein. The Dioceses then filed a joint motion to strike the nondisclosure requirement as unauthorized by the Investigating Grand Jury Act (the "Act"), 42 Pa.C.S. §§ 4541-4553.

---

[1] Section 4550 of the Investigating Grand Jury Act sets forth the requirements for a notice of submission as follows:

> **Submission of investigations by attorney for the Commonwealth to investigating grand jury.**
>
> **(a) General rule.--**Before submitting an investigation to the investigating grand jury the attorney for the Commonwealth shall submit a notice to the supervising judge. This notice shall allege that the matter in question should be brought to the attention of the investigating grand jury because the investigative resources of the grand jury are necessary for proper investigation. The notice shall allege that one or more of the investigative resources of the grand jury are required in order to adequately investigate the matter.
>
> **(b) Effect of notice.--**After the attorney for the Commonwealth has filed the notice submitting a matter to the investigating grand jury any or all of the investigative resources of the investigating grand jury may be used as regards the investigation.

42 Pa.C.S. § 4550.

The nondisclosure requirement on the entry-of-appearance form prohibits attorneys representing client-witnesses[2] from disclosing "all that transpires in the Grand Jury room, all matters occurring before the Grand Jury, and all matters and information concerning this Grand Jury obtained in the course of the representation, except when authorized by law or permitted by the Court." Entry-of-Appearance Form (citing 42 Pa.C.S. § 4549(b)). By contrast, section 4549(b), relating to disclosure of proceedings by participants other than witnesses, provides:

> Disclosure of matters occurring before the grand jury other than its deliberations and the vote of any juror may be made to the attorneys for the Commonwealth for use in the performance of their duties. The attorneys for the Commonwealth may with the approval of the supervising judge disclose matters occurring before the investigating grand jury including transcripts of testimony to local, State, other state or Federal law enforcement or investigating agencies to assist them in investigating crimes under their investigative jurisdiction. **Otherwise a** juror, **attorney,** interpreter, stenographer, operator of a recording device, or any typist who transcribes recorded testimony **may disclose matters occurring before the grand jury only when so directed by the court. All such persons shall be sworn to secrecy, and shall be in contempt of court if they reveal any information which they are sworn to keep secret.**

---

[2] The Majority indicates that counsel for the Dioceses are not in fact "attorneys for a client-witness," presumably referring to the fact that there is no averment that counsel's clients, the Dioceses, has or will testify before the grand jury. *See* Majority Op. at 17 n. 18 (expressing its rationale for disposing of the issues presented nonetheless); *accord In re Fortieth Statewide Investigating Grand Jury*, No. 571 M.D. 2016, Notice No. 1, at 8-9 (C.P. Allegheny June 15, 2017) (implying that the Dioceses' right to effective counsel is not presently under attack because "it's unclear at this juncture of the Grand Jury's investigation who will be called as a witness and whether or not counsel for the Dioceses will be permitted to accompany them as witness counsel"). Based on the provision of the Investigating Grand Jury Act relating to "counsel for witnesses," a "witness" who has been "subpoenaed to appear and testify before an investigating grand jury **or to produce documents, records or other evidence** ... shall be entitled to assistance of counsel … ." 42 Pa.C.S. § 4549(c)(1) (emphasis added). Accordingly, because the Dioceses have been subpoenaed to produce documents, I would view them as "witnesses" under the Act.

42 Pa.C.S. § 4549(b) (emphasis added).

As the Majority properly explains, there is little to indicate that the General Assembly intended the word "attorney" to mean something other than what it is commonly understood to mean, i.e., "those who are licensed to practice law." *See* Majority Op. at 12. To the extent there is any ambiguity surrounding the meaning of the word, however, an examination of the purpose behind the Act makes clear that this provision must be understood to require a degree of secrecy from all attorneys participating in a grand jury proceeding, not just attorneys for the Commonwealth. *See* 1 Pa.C.S. 1921(c).

This Court has explained on numerous occasions that the secrecy of grand jury proceedings is "indispensable to the effective functioning of a grand jury." *In re Dauphin County Fourth Investigating Grand Jury*, 19 A.3d 491, 503 (Pa. 2011); *see also, e.g., Investigating Grand jury of Phila. Cty.*, 437 A.2d 1128, 1130-31 (Pa. 1981). In describing the policy justifications for such secrecy, we have highlighted the need:

> (1) to prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

*Id.* We have also explained that the Act, and section 4549(b) in particular, represent the General Assembly's efforts to preserve the traditional rule of secrecy. *In re Dauphin County Fourth Investigating Grand Jury*, 19 A.3d at 503. Allowing attorneys representing

grand jury witnesses to disclose freely all "matters occurring before the grand jury" would substantially undermine the purpose of section 4549(b) as it would create an exception to its secrecy protections that would likely swallow the rule.

That said, there are limitations to an attorney's obligation to keep matters secret. First, the statute is clear that only "matters occurring before the grand jury" may be encompassed by the secrecy oath. *See* 42 Pa.C.S. § 4549(b). Second, because the Act permits a witness "to disclos[e] **his testimony** before the investigating grand jury," it must also be understood to allow an attorney representing that witness to disclose her client's testimony to the same degree.[3] *See* 42 Pa.C.S. § 4549(d) (relating to disclosure of proceedings by witnesses) (emphasis added); *see also* Majority Op. at 15. Third, as with all participants in a grand jury proceeding, an attorney may disclose matters occurring before the grand jury if "so directed by the court." 42 Pa.C.S. § 4549(b). Any oath of secrecy a private attorney is required to take must strictly reflect these statutory limitations. I am in agreement with the Majority that, relevant to the statutory language, the nondisclosure requirement on the entry-of-appearance form at issue today is overbroad. In its current incarnation, it contains language beyond the Act's mandate and

---

[3] Discussing section 4549(d), the Majority opines that "we do not believe that the Legislature intended [attorney secrecy] to extend in full measure to that which is not otherwise intended to be held in absolute secrecy, *i.e.*, the testimony of client-witnesses." Majority Op. at 15. This statement begs the question, not explicitly addressed by the Majority, of what **is** intended to be held in absolute secrecy, including by a witness himself. Unlike section 4549(b), section 4549(d) does not expressly bar a witness from disclosing matters occurring before the grand jury. In my view, however, and implicit in the Majority's reasoning, section 4549(d)'s command that "no witness shall be prohibited from disclosing his testimony" must be understood as a narrow exception to a broader secrecy requirement. Stated differently, the logical corollary to section 4549(d) is that witnesses **are** prohibited from disclosing matters occurring before the grand jury other than their testimony. *See* 42 Pa.C.S. § 4549(d).

meaning. Thus, the Majority concludes that the language mandating secrecy for "all matters and information concerning this Grand Jury obtained in the course of representation" must be stricken. *See* Majority Op. at 18. The Majority also concludes that certain other language is non-offending ("all matters occurring before the Grand Jury"). *See* Majority Op. at 18. Additionally, the Majority rewrites the form to include language that authorizes attorney disclosure to the extent his or her client/witness is authorized to disclose. *See* Majority Op. at 16. While I have no particular disagreement with the Majority's scrivening, I do not believe that we should engage in the task. Instead, I would strike the nondisclosure language from the form entirely. I would not re-draft the form, as doing so is both unnecessary and counterproductive.[4]

As an initial matter, no attorney is presently being asked to enter his or her appearance in the 40th Statewide Grand Jury proceedings and, as the Majority recognizes, "the present appeal bears hallmarks of a moot controversy." Majority Op. at 8 n. 8 (observing that counsel for the Dioceses was in fact provided with a copy of the notice of submission despite their refusal to sign the entry-of-appearance form and that the tenure of this grand jury has expired).

---

[4] The portion of the "entry-of-appearance form" that is purely ministerial is, in fact, an entry-of-appearance by a named attorney with an indication of the name of the party he or she represents before the grand jury. I believe it is dangerous to paint with a broad brush in describing the alleged genesis of the OAG form since Attorney Baldwin is the subject of disciplinary proceedings before the Disciplinary Board of the Pennsylvania Supreme Court. *See* Concurring and Dissenting Op. 1-3 (Wecht, J.) If, however, the facts as recited by Justice Wecht are correct, any alleged ambiguities in Attorney Baldwin's role would have been obviated by a simple form requiring the attorney to state, in writing, the name of the client she represented. The nondisclosure language at issue here is superfluous to that fundamental problem.

Moreover, in my view, the development of a nondisclosure form such as the one at issue here should fall, in the first instance, to our ad hoc committee on grand jury practice. The ad hoc committee is comprised of members selected for their expertise in this specialized area and, like our other rules committees, is designed to assist the Court in the exercise of our supervisory authority. We have charged this committee with studying the broader issues attendant to grand jury practice and proposing rules for publication and public comment prior to this Court's consideration and ultimate adoption. The drafting of a nondisclosure form to be used by future grand juries falls squarely within the traditional purview of a rules committee of this Court.[5] The Committee would be guided by this Court's discussion herein of the relevant statutory language and the nuances of grand jury practice.[6]

Because I would strike the nondisclosure requirement from the form, I would also conclude that disposing of the Dioceses' other arguments -- regarding the extent to which

---

[5] *See* Pa.R.Crim.P. 104.

[6] In his concurrence, Justice Wecht criticizes the Majority for invoking "supervisory authority" to "rewrite statutes." *See* Concurring and Dissenting Op. at 9 (Wecht, J.).

While I respectfully disagree with the breadth of the Majority's exercise of our supervisory authority, I observe that the Majority has not "rewritten" section 4549(b). We are called on to decide whether the nondisclosure requirement on the form is authorized by the Act. The Majority and I agree that, as a matter of statutory interpretation, it is not.

Like the Majority, I view the form as prohibiting certain categories of disclosure that are not in fact prohibited by the statute, on the one hand and, on the other hand, not sufficiently accounting for the kinds of disclosures an attorney is statutorily permitted to make (i.e. those same disclosures his or her client-witness is permitted to make). By reading the statutory language in context and by reference to other provisions of the Act, as I must, I conclude that the General Assembly intended attorneys to be bound by secrecy to the extent their clients are so bound. My interpretation, and the Majority's, is based on a plain reading of the statute. Accordingly, I take issue only with the Majority's decision to rewrite the form.

the nondisclosure requirement infringed upon certain of their rights and those of their counsel -- is inappropriate. This is all the more true in light of the fact that the Dioceses do not ask us to determine whether any specific piece of information constitutes a "matter occurring before the grand jury" such that counsel is prohibited from disclosing it. They do not ask us to determine whether a specific statement their attorneys seek to disclose constitutes witness "testimony" such that they or their counsel may freely share it with a third party. Indeed, these questions are not before us because the limited facts of this case do not give rise to them. The Majority nonetheless posits, as a general proposition, that the term "matters occurring before the grand jury" encompasses events "beyond only what actually transpires in a grand jury room." Majority Op. at 18. The Majority also indicates that "such matters subsume a range of considerations beyond the mere content of a client-witness's testimony, including comments by a supervising judge or the attorney of the Commonwealth made before the grand jury and evidence which may be proffered or discussed during a witness's testimony." *Id.* at 14.[7]

In my view, the Majority violates a central jurisprudential tenet that decisional law is meant to develop "incrementally, within the confines of the circumstances of cases as they come before the Court." *Scampone v. Highland Park Care Ctr., LLC*, 57 A.3d 582, 604-05 (Pa. 2012) (insisting that the Court must respect "the necessary narrowness of

---

[7] The Majority's pronouncements are problematic in principle and in practice. For example, under the Majority's formulation, untethered to any facts, it appears that a witness (and, therefore, that witness' attorney) may disclose the witness' "testimony" but not "comments by a supervising judge or the attorney of the Commonwealth made before the grand jury and evidence which may be proffered or discussed during a witness' testimony." *See* Majority Op. at 14. It is unclear to me how a witness can disclose his testimony without also implicating the questions he was asked or the evidence he was shown. Perhaps it is possible, but herein lies the problem with deciding a case that is not before us.

the individual decisional task and the limitations of imperfect foresight"). Rather than embracing precision, the Majority renders determinations that do not "spring from the facts before us in the appeal" or, frankly, from any facts at all. *See id.*; *see also Howard ex rel. estate of Ravert v. A.W. Chesterton Co.*, 78 A.3d 605, 610 (Pa. 2013) (Todd, J., concurring) (urging that "judicial decisions are to be read against their facts, so as to prevent 'the wooden application of abstract principles to circumstances in which different considerations may pertain'"). I distance myself from the Majority's pronouncements that are unnecessary to the resolution of this case. In the absence of a record enabling us to do so, this Court should refrain from attempting to flesh out the contours of section 4549(b).

For similar reasons, the Majority's discussion of the common interest/joint defense doctrine is problematic. *See* Majority Op. at 20-22. The Dioceses' arguments about joint defense/common interest agreements are based upon the nondisclosure language in the form. As I have indicated above, I would strike the offending language as a matter of statutory interpretation. Thus, no issue regarding joint defense/common interest agreements remains for this Court's resolution. Nevertheless, the Majority proceeds in part three to engage in a general discussion of joint defense/common interest agreements in grand jury proceedings. While I agree in principle that attorneys representing witnesses in grand jury proceedings may enter common interest/joint defense agreements, the facts presently before us do not implicate the common interest/joint defense doctrine or its contours.

Despite the lack of record facts or any proffered joint defense agreement, the Majority opines that "section 4549(b) does appear to serve as a restraint on the range of

information that will be available to counsel to share per a privilege-extending arrangement." *Id.* at 20-21. While I certainly recognize the importance of grand jury secrecy, I am not prepared to conclude – based on a purely hypothetical argument, disconnected from any facts – that grand jury secrecy per se trumps any specific common interest/joint defense privilege.

While the Majority recognizes that it reaches beyond the controversy before us in drawing the foregoing conclusions, it purports to justify doing so by reference to this Court's "supervisory authority" over grand jury matters. *See* Majority Op. at 8-9 n. 8. In my view, the supervisory authority we possess with regard to grand jury matters[8] does not give rise to an ability to issue broad pronouncements that are purely advisory in nature, untethered to facts at issue.

I join the Majority's limited holding in parts one and two to the extent that they find section 4549(b) applicable to attorneys, and that certain provisions in the nondisclosure form were overbroad. As to the balance of the Opinion, including part three, I dissent on the basis that those portions are inappropriately advisory in nature.

---

[8] In the broader sense, I agree entirely with the learned Majority's astute observation that because the Grand Jury Act incorporates the concept of "supervising judge" into the grand jury process and that this court is given the authority to appoint the supervising judge, 42 Pa.C.S. § 4544(a), the Legislature has reposited the system within judicial control. *See* Majority Op. at 23.